IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald Johnson, Jr.,                   Case No. 3:16 CV 2301

            Plaintiff,           MEMORANDUM OPINION
                                        AND ORDER
      -vs-
                                          JUDGE JACK ZOUHARY
Ohio Department of
Rehabilitation and Correction, et al.,

            Defendants.

## INTRODUCTION

Plaintiff *pro se* Ronald Johnson brings this lawsuit under 42 U.S.C. § 1983 against Defendants Ohio Department of Rehabilitation and Correction (ORDC), Warden C. Coleman, M. Elder, Investigator Jamison, Corrections Officer Logan, Lieutenant Good, and Captain Pattaway in their individual and official capacities (Doc. 1). He seeks declaratory and injunctive relief, as well as compensatory and punitive damages (*id.* at 10). This Court referred the case to Magistrate Judge James Knepp for general pretrial supervision (Doc. 13). Following discovery, Defendants filed a Motion for Summary Judgment (Doc. 25), to which Johnson has not responded.[1] This Court terminated the referral (*see* July 2, 2018 docket entry) and now grants the Motion.

## BACKGROUND

Johnson raises two claims regarding events during his confinement at the Toledo Correctional Institution (TCI), one involving visitation rights and the other involving cell conditions.

---

[1]According to ODRC records, Johnson was released from custody on March 2, 2018, before the Motion for Summary Judgment (Doc. 25) was filed. But the briefing schedule in this matter was set well before his release (Doc. 23), and Johnson failed to provide this Court a forwarding address.

**Visitation Incident**

In August 2016, Johnson's brother (Deandre), wife (Tanya), and nine-year-old son attempted to visit him at TCI (Doc. 1 at 3; Doc. 17-1 at 1–4). Prison officials received a tip from confidential informants that Tanya planned to deliver marijuana to Johnson during the visit (Doc. 17-1 at 10). When he arrived, Deandre smelled like marijuana and appeared to be under the influence (*id.*). Investigators Elder and Jamison informed Deandre and Tanya that they were suspected of attempting to convey marijuana into the facility and would be required to undergo strip searches before proceeding to visitation (Doc. 1 at 3–4; Doc. 17-1 at 10–12). Deandre consented to the search, which revealed no contraband. Tanya refused the search, and both Deandre and Tanya were removed from Johnson's visitation list (*id.*). Johnson claims that while Tanya was "detained," his son was kidnapped, questioned, and threatened by Jamison and Elder (Doc. 1 at 3–4).

Following this incident, Johnson submitted three Informal Complaint Resolution (ICR) forms objecting to his visitors being turned away and removed from his visitation list (Doc. 1-1 at 3–5). In September 2016, Deandre's visitation restriction was lifted, and Tanya's restriction was reduced from a permanent prohibition to a six-month limitation (*id.* at 5).

Meanwhile, Johnson was charged and convicted of violating Rule 40 of the Inmate Rules of Conduct, Ohio Administrative Code § 5120-9-06, which prohibits "[p]rocuring or attempting to procure, unauthorized drugs; aiding, soliciting, or collaborating with another to procure unauthorized drugs or to introduce unauthorized drugs into a correctional facility" (Doc. 17-1 at 29). The decision was upheld by Warden Coleman (*id.* at 36) and ODRC Director Mohr (*id.* at 40). Johnson does not challenge this disciplinary proceeding in the Complaint.

**Cell Conditions**

Johnson asserts he went on a hunger strike after the visitation incident in an effort to obtain an explanation for TCI's actions (Doc. 1, at 5-6). At some point after the hunger strike, Johnson was moved to segregation (*id*. at 6). He claims that he was placed in a cell "with urine and feces in [the] toilet for days with no way to flush the toilet" (*id.*). He asserts he brought this to the attention of prison officials, but he was ignored (*id.* at 6–7). ODRC grievance records reflect no documentation of Johnson's complaints about the toilet conditions in his cell (Doc. 25-1 at 3).

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact," such that "the moving party is entitled to judgment as a matter of law." Federal Civil Rule 56(a). This Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This Court does not weigh the evidence or determine the truth of any matter in dispute; rather, it evaluates only whether the record contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

"[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013). This Court "cannot grant summary judgment in favor of a movant simply because the adverse party has not responded," for the moving party "always bears the burden of demonstrating the absence of a genuine issue as to a material fact." *Sough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998) (citation omitted). But this Court is not obligated to "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Guarino v.*

3

*Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). Rather, this Court "may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Id.*

## DISCUSSION

As an initial matter, because Johnson has been released from custody, his claims for declaratory and injunctive relief are dismissed as moot. *See Sossamon v. Texas*, 563 U.S. 277, 204 (2011); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.").

This Court also dismisses Johnson's claims against Defendants in their official capacities because they are barred by the Eleventh Amendment. During the relevant time period in this case, the individual Defendants were employees of ODRC, a state entity. A suit against a state employee in his or her official capacity is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Ohio has not waived its sovereign immunity in federal court, and Congress did not abrogate that immunity when it passed 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

**Visitation Claim**

Johnson claims the visitation restrictions imposed on Deandre and Tanya violated his due process rights and constituted cruel and unusual punishment. This claim fails as a matter of law. "The denial of prisoner access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' . . . and therefore is not independently protected by the

4

Due Process Clause." *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) (citation omitted). Further, "[v]isitation with a particular person does not constitute a basic necessity and, therefore, deprivation of that visitation does not violate the Eighth Amendment." *Post v. Mohr*, 2012 WL 76894, at *8 (N.D. Ohio 2012) (citing *Thompson*, 490 U.S. at 461).

To the extent Johnson seeks to assert the rights of others (*e.g.*, Deandre, Tanya, or his son), he cannot do so *pro se*. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 499 (1975). And in any event, such claims are not cognizable. *Spear v. Sowders*, 71 F.3d 626, 629–30 (6th Cir. 1995) ("It is clear that a *prisoner* does not have a due process right to unfettered visitation . . . *A fortiori*, a citizen simply does not have a right to unfettered visitation of a prisoner that rises to a constitutional dimension.") (emphasis in original).

**Cell Conditions Claim**

The Prison Litigation Reform Act (PLRA) requires state prisoners to exhaust all available state administrative remedies before filing a Section 1983 suit challenging the conditions of their confinement. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust is an affirmative defense, and summary judgment is appropriate if Defendants "establish the absence of a 'genuine dispute as to any material fact' regarding nonexhaustion." *Risher v. Lappin,* 639 F.3d 236, 240 (6th Cir. 2011) (quoting Federal Civil Rule 56(a)).

To satisfy the exhaustion requirement, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Peterson v. Cooper,* 463 F. App'x 528,

530 (6th Cir. 2012) (quoting *Woodford*, 548 U.S. at 88). The Ohio Inmate Grievance Procedure is a three-step process that proceeds from an Informal Complaint Resolution (ICR), to a Notice of Grievance (NOG), to an Appeal to the Chief Inspector. *See* Ohio Admin. Code 5120–9–31(K)(1) to (3). "Informal complaints and grievances must contain specific information; dates, times, places, the event giving rise to the complaint and, if applicable, the name or names of personnel involved and the name or names of any witnesses." *Id.* at 5120–9–31(K).

Defendants contend Johnson failed to exhaust his administrative remedies as to any issues he may have had with his cell or toilet conditions. Johnson attached several ICR and NOG forms to his Complaint (Doc. 1-1), but none of the grievances relate to his cell conditions. Further, the ODRC has no record of any grievance regarding the toilet or sanitation conditions in Johnson's cell (Doc. 25-1 at 3). This Court therefore concludes that Defendants have ""establish[ed] the absence of a 'genuine dispute as to any material fact' regarding nonexhaustion." *Risher*, 639 F.3d at 240 (quoting Federal Civil Rule 56(a)).

## CONCLUSION

The Motion for Summary Judgment (Doc. 25) is granted, and this case is dismissed.

IT IS SO ORDERED.

                                                 s/ *Jack Zouhary*
                                                 JACK ZOUHARY
                                                 U. S. DISTRICT JUDGE

                                                 July 16, 2018